IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTA IGNACIA CARCAMO- ROBLES, #10711-509, | § § | |
| MOVANT, | § § | |
| v. | § § | CASE NO. 3:22-CV-1087-E-BK |
| | § | (CRIMINAL NO. 3:20-CR-185-E-10) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Santa Ignacia Carcamo-Robles ("Petitioner"). As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

Pursuant to a plea agreement that included an appellate-rights waiver, Petitioner plead guilty to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(2)(A) and 1956(h). Crim. Doc. 249. Petitioner was sentenced to 46 months' imprisonment and a three-year term of supervised release. Crim. Doc. 438. Subsequently, Petitioner's direct appeal was dismissed on her own motion. Crim. Doc. 503. Petitioner then filed this timely § 2255 motion. Doc. 2; Doc. 5.[1]

---

[1] In response to a notice of deficiency, Petitioner submitted an amended § 2255 motion. Docs. 2, 3, 5. Although the amended § 2255 motion superseded the original, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), the Court has considered Petitioner's claims in both pleadings.

Petitioner contends that her guilty plea was coerced and/or induced by false promises; that her attorney was ineffective for (1) not translating the "legalities" of her case for her into Spanish, (2) not objecting to her two-level enhancement, (3) refusing to move forward with an appeal, (4) failing to investigate mitigating evidence, and (5) not making certain arguments in favor of a reduced sentence; and that the Court erred by (1) imposing a two-level Guidelines enhancement, (2) imposing a sentence lengthy sentence without evidentiary basis, and (3) making certain factual determinations relevant to sentencing. Doc. 2; Doc. 5. The Government argues that the motion lacks merit. Doc. 11. Petitioner did not file a response.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner "stands fairly and finally convicted." *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Guilty Plea Induced by Coercion or False Promises

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). A guilty plea may be rendered invalid

if it was induced by defense counsel's unkept promises. *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989)).

Here, Petitioner contends that she entered a guilty plea "based upon the false promises and coercion" of her trial counsel. Doc. 5 at 1. However, Petitioner does not state what counsel purportedly promised, only that he made promises. Such conclusory allegations fail to support habeas relief. *See*, *e.g.*, *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (noting that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

Moreover, the record refutes this claim. In her plea agreement, Petitioner averred that the guilty plea was "freely and voluntarily made"; that it was not the result of force, threats, or promises apart from those set forth in the Plea Agreement; and that there were no guarantees or promises from anyone as to what sentence the Court would impose. Crim. Doc. 249 at 5.

Further, at her rearraignment hearing, Petitioner stated under oath that:

- She understood that she was waiving certain constitutional rights by pleading guilty. (Crim. Doc. 460 at 7.)

- She understood the consequences of pleading guilty. (Crim. Doc. 460 at 9.)

- She understood that she should not rely on any statement or assurance as to what her sentence would be because only the judge can make that decision. (Crim. Doc. 460 at 10.)

- She understood the elements of the offense. (Crim. Doc. 460 at 13.)

- She had a chance to fully discuss the plea agreement with her attorney before signing it. (Crim. Doc. 460 at 14.)

- Other than the written plea agreement, no one had made any promise or assurance of any kind to get her to plead guilty. (Crim. Doc. 460 at 18.)

- No one had coerced her into pleading guilty. (Crim. Doc. 160 at 14.)

- She fully understood the potential range of punishment, as well as the fact that she would still be bound by her guilty plea even if she got a stiffer sentence than she anticipated. (Crim. Doc. 460 at 19-20.)

- She had the chance to fully discuss her factual resume with her attorney before signing it and fully understood everything in it before she signed it and that all facts in it were true. (Crim. Doc. 460 at 20.)

A defendant ordinarily may not refute her sworn testimony given at a plea hearing while under oath. *Cervantes*, 132 F.3d 1110. Also, declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly). Further, to warrant an evidentiary hearing on a claim that a broken promise undermines a guilty plea, the defendant is required to establish—typically in the form of one or more affidavits from reliable third parties—"(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d 1106, 1110.

Here, Petitioner fails to present anything that overcomes her sworn testimony at the plea hearing and her representations in the plea documents that her guilty plea was voluntary, knowing, and intelligent. She thus fails to show that her guilty plea is involuntary because of counsel's alleged promises or coercion.

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

#### *i. Failure to Translate "Legalities" into Spanish*

Petitioner first claims that her counsel, despite knowing that her primary language was Spanish, failed to provide an interpreter to "explain the legalities" to her in her own language. Doc. 5 at 5. But Petitioner confirmed on the record that the salient documents—the indictment, the guilty plea agreement, and the factual resume—were translated for her prior to her signing them. Crim. Doc. 460 at 6, 7, 11, 14, 20. Moreover, Petitioner provides the Court with no compelling reason to disregard her sworn testimony. *Blackledge*, 431 U.S. at 74; *see also United*

Page **5** of **11**

*States v. Lampazianie*, 251 F.3d 519, 523 (5th Cir. 2011) (reiterating that sworn statements in open court are entitled to a presumption of truthfulness). In addition, Petitioner was assisted by a certified interpreter at her plea hearing. Crim. Doc. 460 at 4.

Further, Petitioner does not establish prejudice, that is, but for her counsel's ineffectiveness she "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. She does not explain what "legalities" her counsel allegedly failed to translate for her or explain how they affected her decision to plead guilty. Petitioner's failure-to-translate ineffective assistance of counsel claim is meritless.

### ii. Failure to Object

Next, Petitioner claims that her counsel was ineffective for not objecting to the two-level Guidelines enhancement, which she contends was based on the "receipts of others." Doc. 5 at 5. This claim lacks merit. The only two-level enhancement included in the Guidelines calculation was that pursuant to U.S.S.G. § 2S1.1(b)(2)(B), which applies merely because the defendant was convicted of money laundering under 18 U.S.C. § 1956. *See* Crim. Doc. 347-1 at 11 (Pre-Sentence Report).

Counsel is not required to make baseless objections. *See Clark v. Collins*, 19 F.3d 959 (5th Cir. 1994). And Petitioner proffers nothing to suggest that the two-level enhancement did not apply or what meritorious objection to the enhancement counsel could have made. Therefore, to the extent premised upon the failure to object to the two-level adjustment, the IAC claim is meritless.

Further, to the extent premised upon counsel's failure to challenge (1) the amount of laundered funds attributed to her and the resulting base offense level, or (2) the six-level enhancement under U.S.S.G. § 2S1.1(b)(1)—which applies if the defendant knew or believed

Page **6** of **11**

that the funds were proceeds of an unlawful activity involving the manufacture, importation, or distribution of narcotics or other controlled substances—the claim fails as a matter of fact because Petitioner's counsel *did* make those objections and offered substantive argument in furtherance of them. *See* Crim. Doc. 402 at 2-6; Crim. Doc. 426 at 1-6; Crim. Doc. 464 at 13-42. On this record, Petitioner fails to demonstrate deficient performance.

Petitioner likewise fails to demonstrate prejudice, which, in the context of sentencing, requires a showing that, but for the error, the petitioner's sentence would have been significantly less harsh. *United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) (per curiam).

### *iii. Failure to Pursue an Appeal*

Next, Petitioner claims that her counsel was ineffective for "refus[ing] to go forward with an appeal." Doc. 5 at 5. But the record belies this claim. Petitioner's counsel did file an appeal on Petitioner's behalf and only moved to dismiss the appeal because Petitioner insisted that she do so. *See* Doc. 12 at 3-9 (motion to dismiss appeal containing acknowledgement of Petitioner's intent to dismiss appeal).

### *iv. Failure to Investigate*

Petitioner claims that her counsel was ineffective for failing to investigate and "substantiate" receipts that were used as evidence of the amount of money laundered for sentencing purposes. Doc. 2 at 1. Petitioner argues that these receipts did not contain her name but rather the names of others. Doc. 2 at 1.

The Court notes that Petitioner's counsel did argue at sentencing that there was nothing to connect Petitioner to the receipts. *See*, *e.g.*, Crim. Doc. 464 at 24. Petitioner does not allege what further investigation would have unveiled that her counsel did not already argue. This claim is speculative, conclusory, and fails to meet the *Strickland* standard. *See*, *e.g.*, *Lyons v.*

*Vannoy*, No. 17-4621, 2018 WL 2944631, at *21 (E.D. La. May 14, 2018), *rec. accepted* 2018 WL 2938309 (E.D. La. June 12, 2018).

### *v. Failure to Argue History of Abuse and Lack of Education*

Petitioner claims that her counsel was ineffective for not requesting a "sentence reduction" due to her "family history of abuse" and lack of education. Doc. 2 at 2. But her counsel did argue that her lack of education warranted a time-served sentence, so that aspect of the claim fails as a matter of fact. *See* Crim Doc. 464 at 48. And Petitioner's "family history of abuse" claim is vague and conclusory. Petitioner does not explain what she means by "family history of abuse"; nor does she show that she would have received a more lenient sentence had her counsel presented argument about that.[2]

In sum, Petitioner's ineffective assistance of counsel claims are meritless.

**C. Sentencing Errors**

Petitioner claims that the Court made various sentencing errors. As stated here, each lacks merit.

### *i. Sentence Enhancement and Application of the Sentencing Factors*

Petitioner argues that the Court erred by imposing a two-level Guidelines by misapplying the 18 U.S.C. § 3553(a) sentencing factors. *See* Doc. 5 at 3, 7. This claim lacks merit for multiple reasons.

First, Petitioner, as part of her plea agreement, waived her right to challenge her conviction or sentence except, in pertinent part, "to challenge the voluntariness of [her] plea of guilty" or "to bring a claim of ineffective assistance of counsel." Crim. Doc. 249 at 6. Because

---

[2] The Court notes that Petitioner's 46-month sentence was already at the low end of the guideline range. *See* Crim. Doc. 418-1 at 3.

her sentencing error claims do not fit into those categories, they are waived. *See*, *e.g.*, *Keigi v. United States*, No. 3:17-CR-00154-B-6, 2021 WL 3573056, at *2 (N.D. Tex. Apr. 19, 2021), *rec. accepted* No. 3:19-CV-2286-B (BT), 2021 WL 3565572 (N.D. Tex. Aug. 12, 2021). Second, the sentencing error claims are procedurally barred because Petitioner did not raise them on direct appeal, and she does not show cause and prejudice to avoid procedural default. *See*, *e.g.*, *United States v. Guerra*, 94 F.3d 989, 993-94 (5th Cir. 1996); *Keigi*, 2021 WL 3573056, at *2. And third, these types of claims—to the extent that they challenge the Court's application of the sentencing guidelines or the application of the § 3553(a) factors and the reasonableness of the sentence—are not cognizable under § 2255 because they do not assert a constitutional or jurisdictional claim of error. *See United States v. Vaughn*, 955 F.2d 367-68 (5th Cir. 1992) (per curiam) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.") (citing *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir.), *cert. denied*, 500 U.S. 924 (1991)).

### ii. *Booker* and *Apprendi* Claims

Finally, Petitioner appears to argue that the Court erred by basing her sentencing Guidelines range on facts not found by a jury beyond a reasonable doubt. Doc. 2 at 1. She references *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Doc. 2 at 1. But Petitioner could have raised this claim on direct appeal, so it is defaulted absent a showing of cause and prejudice, which she does not make. *See*, *e.g.*, *United States v. Hidalgo*, Civil Acion No. H-07-1511, 2007 WL 3231637, at *14 (S.D. Tex. Oct. 31, 2007) (finding *Booker* claim procedurally defaulted when it was not, but could have been, raised on direct appeal).

At any rate, Petitioner misunderstands *Booker's* application to her case. *Booker* rendered the Guidelines advisory, which in turn allows a judge to make factual determinations related to sentencing by a preponderance of the evidence. *See United States v. Mares*, 402 F.3d 511, 518 (5th Cir. 2005). As the Fifth Circuit explained in *Mares*:

> *Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guidelines sentencing range and all facts relevant to the determination of a non-Guidelines sentence.

*Id.* (internal citations omitted). Here, the Court clearly understood that the Guidelines were advisory only; therefore, it did not err in finding facts relevant to the Guidelines sentencing range. *See*, *e.g.*, *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009).

### III. CONCLUSION

Petitioner's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on March 24, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).